IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>CEDRIC ONTRAY NEAL,<br><br>                    Defendant. | CR 24-122-BLG-SPW<br><br><br>ORDER ON DEFENDANT'S<br>MOTION IN LIMINE |

Defendant Cedric Ontray Neal filed a Motion in Limine seeking an order precluding the Government from: (1) introducing evidence of his Social Security administrative proceeding, and (2) arguing that Neal earned enough money as a barber to disqualify him from receiving disability benefits. (Doc. 37). The Government stipulates to the first request, and therefore the Motion is granted as to the introduction of the Social Security administrative proceeding. However, the Government disputes the second request, arguing "Neal's income proves an element of the crime," and should therefore be admitted. (Doc. 42 at 2). Neal did not file a reply brief.

For the following reasons, the Court denies the remainder of the Motion.

## I.    Background

On August 28, 2024, a grand jury handed down a two-count Indictment charging Neal with making a False Statement to Social Security, in violation of 42

1

U.S.C. § 408(a)(3), and making a False Statement, in violation of 18 U.S.C. § 1001(a)(2). (Doc. 2). On May 8, 2025, the Government filed a Superseding Indictment adding eight additional counts of Wire Fraud, in violation of 18 U.S.C. § 1343. (Doc. 23). Trial is currently set for November 3, 2025.

From 2017 to 2022, Neal received benefits from the Social Security Disability Insurance program and the Department of Veterans Affairs ("VA") Individual Unemployability program. "To be eligible for benefits [with the Social Security Administration ("SSA")], a person must be unable to engage in substantial gainful activity . . . ." (Doc. 23 at 2). "Beneficiaries are required to report changes in work status and income to the SSA . . . ." (*Id.*). The SSA is responsible for determining if a change in work status or income qualifies the person for continuing benefits. Likewise, the VA provides monthly payments to veterans with a disability rating less than 100%, who are unable to maintain substantial gainful employment due to their service-connected disability. (*Id.*). The VA verifies employment status on a yearly basis. (*Id.*). This case arises out of alleged false representations and omissions related to Neal's work as a barber.

According to the Government, Neal obtained his barber's license after moving to Montana in 2016. (Doc. 42 at 2). He began performing barber services at Rebels & Razors Barber Club in Billings, Montana around October 2016. (*Id.*). Neal states

he cut hair in a "very limited capacity," working only "for tips." (Doc. 38 at 2). By 2018, federal agencies began investigating the true scope of Neal's work.

Investigators discovered that clients could book an appointment with Neal through an online reservation system. According to the website, Neal was available from Tuesday through Friday, and only accepted cash. (Doc. 42 at 3). Investigators discovered that Neal worked five days per week on average from June 2017 through December 2017. (*Id.*). From December 2017 through June 2021, Neal worked four days per week on average. (*Id.*). Investigators also discovered Neal paid $400 per month to rent a booth and provided haircuts to approximately five to six clients when he worked. On one occasion, an SSA agent saw Neal cutting a client's hair and overheard Neal telling the client that the hair cut would cost him "24." (*Id.*). Rebels & Razors advertised the cost of haircuts at $24. (*Id.*). Based on the foregoing information, the Government concludes Neal earned at least $18,000 while he worked as a barber.

In 2019, Neal's wife and legal guardian, submitted a "Work Activity Report" to the SSA, stating "her husband had not 'been compensated' for work since 2006." (Doc. 38 at 2). However, in March 2021, Neal allegedly told his VA physician that he limited his work as a barber to four hours per day—averaging three haircuts per day—due to his mental health symptoms and stress. (*Id.* at 3).

3

In 2022, an SSA disability hearing officer determined that Neal was "engaging in work at a gainful level," and that "benefit cessation [was] appropriate" due to his "medical improvement." (*Id.*). Neal's benefits were ultimately terminated.

Neal now seeks to exclude evidence of the amount of money he earned as a barber, arguing the Government's estimate of his earned income is "speculative," irrelevant to whether he made false statements, and risks misleading the jury. (*Id.* at 7).

## II.    Legal Standard

A motion in limine is a procedural mechanism to limit in advance specific testimony or evidence. *Frost v. BNSF Ry.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016). The Court will grant a motion in limine if the contested evidence is inadmissible on all potential grounds. *Id.*

Rulings on motions in limine are provisional and "not binding on the trial judge [who] may always change [their] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). Accordingly, the Court may readdress any of the parties' motions in limine as necessary at trial.

## III.    Analysis

The Court denies Neal's request because the amount of money he allegedly earned as a barber is relevant to the materiality element of making a false statement.

4

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. In other words, to be relevant, evidence must possess logical probative value toward some fact that is legally of consequence to the case. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . misleading the jury." *Id.* 403. Cases invoking the danger of misleading the jury often refer to the possibility that the jury might attach undue weight to the evidence. *See, e.g., Faigin v. Kelly*, 184 F.3d 67, 80 (1st Cir. 1999) ("A lay jury is quite likely to give special weight to judicial findings merely because they are judicial findings.").

Under 18 U.S.C. § 1001, materiality is an essential element of making a false statement. (A person may be fined or imprisoned for: "(1) falsif[ying], conceal[ing], or cover[ing] up . . . a material fact; (2) mak[ing] any materially false, fictious, or fraudulent statement or representation; or (3) "mak[ing] or us[ing] any false writing or document knowing [it] contain[s] . . . materially false, fictious, or fraudulent statement[s]" within the jurisdiction of the U.S. government.). Likewise, under 42 U.S.C. § 408(a)(3), a person is guilty of a felony if they make a "false statement or representation of a material fact . . . for a disability determination."

For a statement to be considered material, it must "'ha[ve] a natural tendency to influence, or [be] capable of influencing, the decision' of the decision[-]making

body to which it was addressed." *United States v. Guadin*, 28 F.3d 943, 948 (9th Cir. 1994) (quoting *Kungys v. United States*, 485 U.S. 759, 770 (1988)). In short, materiality refers to the significance of the false statement.

Here, the Court finds that any income Neal allegedly earned as a barber is relevant to his charges because the amount of income he earned would likely have influenced the SSA and VA's decisions to continue his benefits. The alleged $18,000 income possesses probative value toward the significance of the false statement, that is, the materiality of the statement. Materiality is of legal consequence to the charges and therefore the income amount is relevant. Whether that amount actually influenced the agencies' decisions is a question for the jury.

As to whether the alleged $18,000 income is accurate, Neal is free to cross-examine the Government's witnesses at trial about their calculations or present evidence of the amount he purportedly earned.

## IV.    Conclusion

IT IS ORDERED that the Defendant's Motion in Limine (Doc. 37) is GRANTED IN PART and DENIED IN PART, as described above.

DATED this _15_ day of October, 2025.

SUSAN P. WATTERS
United States District Judge

6